Jon R Tollefson
jontollefson@hotmail.com
1038 South Shore Dr
Detroit Lakes, MN 56501
Tel. (701) 200-9254
*Attorney Pro Se for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NORTH DAKOTA

| | | |
|---|---|---|
| Jon Reed Tollefson and | ) | Case No.: _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | COMPLAINT FOR CONSTITUTION |
| | ) | AND FEDERAL STATUTE VIOLATIONS |
| Wickham Corwin | ) | AND INJUCTIVE RELEIF |
| | ) | |
| Defendant | ) | DEMAND FOR JURY TRIAL |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Plaintiff Jon R Tollefson ("Plaintiff" or "Tollefson"), by and through himself Pro

Se, brings this action against Defendant Wickham Corwin ("Defendant" or "Corwin") for violating

Tollefson's United States Constitutional protections and violating Federal Statutes including: 42

USC § 1983 - Civil action for deprivation of rights, 18 USC § 242 - Deprivation of rights under

color of law, 18 USC Chapter 41 - Extortion and Threats, 18 USC § 873 – Blackmail via 18 USC §

875 - Interstate communications, 18 U.S.C. § 1503 Obstruction of Justice; First Amendment

Violations[1], Fifth Amendment Violations, Fourteenth Amendment Violations and , United State

Constitutional protections violations. Tollefson demands a JURY TRIAL.

2.      Pursuant to 28 USC § 1746[2] declaration: I certify, under penalty of perjury, that the

foregoing is true and correct to the best of my knowledge.

_____

[1] *New York Times Co. v. United States,*403 US713(1971) citing *Near v. Minnesota*, 283 US 697

1

## NATURE OF ACTION

3.      This action seeks a declaratory judgment and corollary injunction against Corwin in that Tollefson cannot be imprisoned for asserting his First Amendment right of free speech and seeks judgment damages of no less than $50,000.00 be ordered against Wickham Corwin to Tollefson for violating Tollefson's Constitutional and Civil Rights Protections. This action further seeks for Corwin to be criminally charged with violation Tollefson's Constitutional Rights and Obstruction of Justice.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action because: (i) it involves federal question(s); (ii) it involves federal statutes; (iii) it involves Constitutional protection violations; and (iv) it requires a declaration of rights and other legal relations. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . trademarks."); and 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."). Federal Questions, Title 28 U.S.C. 1331 provides that the U.S. District Courts shall have original jurisdiction of all Civil Actions arising under the Constitution, Laws or treatises of the United States.

5.      Venue is proper in this Judicial District because the statute and constitutional violations occurred in Fargo North Dakota's Cass County Court House and both parties subject of the action are domiciled in Fargo ND (see parties below for temporary residence).

---

[2] http://www.law.cornell.edu/

2

6.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391, because the Court

has personal jurisdiction over the Defendant.

## THE PARTIES

7.      Plaintiff Jon Tollefson ("Tollefson") is an individual who domiciled in the City of

Fargo, State of North Dakota for over 30 years. Tollefson temporarily resides at 1038 South Shore

Dr. Detroit Lakes, MN. Tollefson is searching for a Fargo ND condominium returning to Fargo the

fall of 2013.

8.      Defendant Wickham Corwin ("Corwin") is an individual domiciled in the City of

Fargo, State of North Dakota residing at 1530 7th St S, Fargo, ND 58103-4232 and working at

Cass County Courthouse, 211 9th St S, Fargo, ND 58108.

9.      Wickham Corwin is a Cass County Judge. However the worst kept secret in Fargo

is that Corwin is also a "Sexual Predator" having violated 42 USC § 16911 [3] repeatedly[4]. In an

upcoming radio interview Tollefson will be discussing Corwin's discipline hearing conduct that

did not get printed in the Fargo Forum.

I attended the two-day Judicial Discipline Hearing where Corwin discussed groping,
stalking and harassing a court reporter in 2010 and 2011, calling it a "colossal
misunderstanding". Corwin continually contradicted his own emails and statements and at
one point stated that a court reporter is NOT subordinate to a Judge then accused the court
reporter of insubordination.

The same week, a Taco Bell employee was rightfully and without delay criminally
charged for groping two customers. Conversely, Judge Corwin's conduct has not been
criminally investigated but afforded the following accommodations:

1.  Three years since Corwin's initial groping, his conduct was finally civilly
    addressed during a June 24, 2013 hearing. Noteworthy, Corwin remained on full
    pay, health care, pension funding... over those years.

---

[3] Cornell Law http://www.law.cornell.edu/uscode/text/42/16911
[4] Fargo Forum

3

2.   Unlike the Taco Bell employee, Corwin was afforded a two day administrative hearing to defend and keep his job while simultaneously admitting that at times he would yell "Why are you being so Fu*king difficult?" at the court reporter.

Troubling is that Corwin discussed betting on the outcome of open cases that he was the presiding judge. Imagine a referee betting on the outcome of games he is officiating.

The Code of Judicial Conduct states that Judges are to be held to a "higher standard" yet even today, Corwin has NEVER been criminally charged having committed far more serious crimes than the Taco Bell employee creating at Two-Tiered System of Justice... one for the Regular Folks and one for the Judges.

The lesson learned is: If you want to get away with groping women with full pay and benefits... become a Cass County Judge.

10.   The second worst kept secret in Fargo is Corwin's extensive cocaine trafficking for well over a decade. These issues are vital to this instant case to demonstrate Corwin's bold continuing law and civil rights violations while hiding behind his judicial robe.

<u>ALLEGATIONS COMMON TO ALL CLAIMS</u>

11.   Tollefson is a defendant in Cass County Case No. 09-2012-CV-01346 presided upon by Wickham Corwin. Please take judicial notice of the Cass County Case.

12.   Tollefson's Constitutional Rights of Due Process and Free Speech were repeatedly violated by Defendant in an April 29, 2013 hearing and Order wherein Defendant also slandered and extorted Tollefson. Portions of Defendant's April 29, 2013 Constitutionally Unenforceable bench order(s) were articulated in a May 8, 2013 written order (Doc. #157). The hearing's transcript will be provide when available.

13.   During an April 29, 2013 hearing, Defendant twice violated Tollefson's Constitutional Rights of Free Speech. The second Free Speech violation ("Gripe Issue")[5], at approximately 20 minutes and 09 seconds into the proceeding Judge Corwin with malice and intent

---

[5] Circuit Judge Diana Gribbon Motz in the Lamparello V. Falwell Opinion identified that a Gripe Site, or a website dedicated to criticism of the markholder protected free speech by the

1    fraudulently extorted Tollefson with the threat of imprisonment if any Gripe Sites were launched

2    by Tollefson or any Tollefson acquaintance about Lowell Bottrell or Chad Weisgram which is the

3    sole issue of this case. Defendant's April 29, 2013 Gripe Issue extortion threat and Bench Order

4    was NOT corroborated in his written May 8, 2013 Order.

5           14.    Defendant's initial April 29, 2013 First Amendment Free Speech violating Bench

6    Order sanctioning a fee against Tollefson for a free speech protected case extraneous email ("Email

7    Issue"). The fact that the extraneous (not an issue in front of the State Court) email was never tied

8    to Tollefson is immaterial in that Defendant's Order of a monetary sanction fine against Tollefson

9    for asserting a First Amendment Right of Free Speech email violates Tollefson's Constitutional

10   Protections. The Email Issue Order was corroborated in a written order dated May 8, 2013.

11          15.    The Email Issue is NOT an issue of this Federal instant case. The Gripe Issue is the

12   only issue in front of this Court. Tollefson will file a second Federal suit against Defendant et al in

13   the future for the Email Issue.

14          16.    Corwin's extortion[6] of Tollefson with the threat of imprisonment to intentionally

15   deprive Tollefson of his First Amendment Rights to Free Speech which includes expressing

16   opinion, comment, criticism, satire and parody, violate 42 U.S.C. § 1983 and 18 U.S.C. § 242.

17          17.    Defendant lacks the authority to deprive any citizen of Free Speech or deny Due

18   Process which his Order criminally attempts to accomplish.

19          18.    Defendant's attempt to interfere with Tollefson's right to report and pursue a crime

---

First Amendment.

[6] 18 USC § 875 - Interstate communications (d) Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both.

5

1  constitutes Obstruction of Justice 18 U.S.C. § 1503[7] "whoever . . . . by **threats or force,** or by any

2  **threatening letter or communication**, influences, **obstructs, or impedes**, or **endeavors to**

3  **influence, obstruct, or impede**, the due administration of justice, shall be (guilty of an offense)."

4              FIRST CLAIM FOR RELIEF
5         *(42 USC § 1983 - Civil action for deprivation of rights)*
6

7        19.    Plaintiff Tollefson alleges and incorporates by reference and herein each of the

8  allegations contained in paragraphs 11 through 18 of this Complaint.

9        20.    Defendant Corwin's threat of imprisonment was designed to deprive Tollefson of

10  his Free Speech Civil Right. As all citizens Tollefson has a Civil Right to voice his opinion, voice

11  comment, voice satire, voice parody pursuant to Constitutional Protections.

12        21.    Defendant's willful, calculated criminal actions were intended to cause Tollefson

13  the depravation of his Civil Rights.

14        22.    Tollefson has suffered, and will continue to suffer, damages personally, his

15  reputation and goodwill as the result of Defendant's actions.

16        23.    Defendant Corwin's wrongful acts have caused and, unless restrained and enjoined

17  by this Court, will continue to cause serious irreparable injury and damage to Plaintiff Tollefson.

18  Said tortuous acts have caused and will continue to cause grave injury to the public as well, for

19  which Tollefson has no adequate remedy at law. Tollefson is therefore entitled to injunctive relief

20  as hereinafter set forth and compensatory damages as set forth

21              SECOND CLAIM FOR RELIEF
22         (18 USC § 242 - Deprivation of rights under color of law)
23

24        24.    Plaintiff Tollefson alleges and incorporates by reference and herein each of the

25  allegations contained in paragraphs 11 through 23 of this Complaint.

---

[7] Cornell Law

25.     Defendant's willful, calculated criminal actions were intended to cause Tollefson the depravation of his Civil Rights.

26.     Tollefson has suffered, and will continue to suffer, damages personally, his reputation and goodwill as the result of Defendant's criminal actions under the color of law.

27.     Defendant's wrongful crimes and depravations under the color of law acts have caused and, unless restrained and enjoined by this Court, will continue to cause serious irreparable injury and damage to Plaintiff Tollefson. Said crimes and depravations under the color of law have caused and will continue to cause grave injury to the public as well, for which Tollefson has no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief as hereinafter set forth and compensatory damages as set forth.

28.     Defendant's depravation of Tollefson rights under the color of law is an exceptional case and was intentional. Said exceptional and intentional depravations have damaged Tollefson entitling him to treble its actual damages and the award of fees as a matter of law.

THIRD CLAIM FOR RELIEF
(18 USC Chapter 41 - Extortion and Threats, 18 USC § 873 – Blackmail via 18 USC § 875 - Interstate communications, 18 U.S.C. § 1503)

29.     Tollefson alleges and incorporates by reference and herein each of the allegations contained in paragraphs 11 through 28 of this Complaint.

30.     Defendant's criminal actions under the color of law include the threat of imprisonment willfully intending to silence Tollefson's Civil Right of Free Speech is extortion and blackmail which was communicated via Interstate Communications.

31.     The April 29, 2013 hearing transcript will be Cass County internet (interstate communication) posted when available. Further is that the US Mail has already been utilized to communicate the Defendant's extortion threat and posted.

7

32.     Tollefson has suffered, and will continue to suffer, damages personally, his reputation and goodwill as the result of Defendant's extortion and blackmail.

33.     Defendant's wrongful extortion and blackmail of Tollefson under the color of law acts have caused and, unless restrained and enjoined by this Court, will continue to cause serious irreparable injury and damage to Tollefson. Said crimes and depravations under the color of law have caused and will continue to cause grave injury to the public as well, for which Tollefson has no adequate remedy at law. Tollefson is therefore entitled to injunctive relief as hereinafter set forth and compensatory damages as set forth.

34.     Defendant's extortion and blackmail of Tollefson under the color of law are exceptional case issues and were intentional. Said exceptional and intentional crimes have damaged Tollefson entitling him to treble its actual damages and the award of fees as a matter of law.

FOURTH CLAIM FOR RELIEF
(U.S.C. § 1503 Obstruction of Justice)

35.     Tollefson alleges and incorporates by reference and herein each of the allegations contained in paragraphs 11 through 34 of this Complaint.

36.     Defendant's actions under the color of law were also designed to prevent Tollefson from voicing that Bottrell and Weisgram et al had criminally Extorted and Defamed Tollefson constituting Obstruction of Justice.

37.     Tollefson has suffered, and will continue to suffer, damages personally, his reputation and goodwill as the result of Defendant's obstruction of justice.

38.     Defendant's wrongful obstruction of justice under the color of law acts has caused and, unless restrained and enjoined by this Court, will continue to cause serious irreparable injury and damage to Tollefson. Said crimes and depravations under the color of law have caused and

8

will continue to cause grave injury to the public as well, for which Tollefson has no adequate remedy at law. Tollefson is therefore entitled to injunctive relief as hereinafter set forth and compensatory damages as set forth.

39.   Defendant's obstruction of justice under the color of law is an exceptional case and was intentional. Said exceptional and intentional actions have damaged Tollefson entitling him to treble its actual damages and the award of fees as a matter of law.

FIFTH CLAIM FOR RELIEF<br>(First Amendment Violations)

40.   Tollefson alleges and incorporates by reference and herein each of the allegations contained in paragraphs 11 through 39 of this Complaint.

41.   Defendant's actions under the color of law were designed to silence Tollefson; including silencing the facts that Tollefson has been extorted and defamed constituting a violation of his First Amendment Civil Right of Free Speech.

42.   Tollefson has suffered, and will continue to suffer, damages personally, his reputation and goodwill as the result of Defendant's Free Speech violations.

43.   Defendant's wrongful Free Speech violations under the color of law acts has caused and, unless restrained and enjoined by this Court, will continue to cause serious irreparable injury and damage to Tollefson. Said crimes and depravations under the color of law have caused and will continue to cause grave injury to the public as well, for which Tollefson has no adequate remedy at law. Tollefson is therefore entitled to injunctive relief as hereinafter set forth and compensatory damages as set forth.

44.   Defendant's Free Speech violation under the color of law is an exceptional case and was intentional. Said exceptional and intentional actions have damaged Tollefson entitling him to treble its actual damages and the award of fees as a matter of law.

9

SIXTH CLAIM FOR RELIEF

(Fifth Amendment Violations, Fourteenth Amendment Violations)

45.   Tollefson alleges and incorporates by reference and herein each of the allegations contained in paragraphs 11 through 44 of this Complaint.

46.   Defendant's actions have deprived Tollefson of Due Process Protections as provide by the Fifth and Fourteenth Amendments as articulated by the United States Supreme Court in that:

> Freedom of expression consists of the rights to freedom of speech, press, assembly and ... furthermore, the Court has interpreted; the due process clause of the Fourteenth protects the First Amendment[8]
> The Supreme Court interprets the extent of the protection afforded to these rights. The First Amendment has been interpreted by the Court as applying to the entire federal government even though it is only expressly applicable to Congress. Furthermore, the Court has interpreted, the due process clause of the Fourteenth Amendment as protecting the rights in the First Amendment from interference by **state governments**. See U.S. Const. amend. XIV.

47.   Tollefson has suffered, and will continue to suffer, damages personally, his reputation and goodwill as the result of Defendant's Due Process violations.

48.   Defendant's wrongful Due Process violations under the color of law acts has caused and, unless restrained and enjoined by this Court, will continue to cause serious irreparable injury and damage to Tollefson. Said crimes and depravations under the color of law have caused and will continue to cause grave injury to the public as well, for which Tollefson has no adequate remedy at law. Tollefson is therefore entitled to injunctive relief as hereinafter set forth and compensatory damages as set forth.

49.   Defendant's Due Process violation under the color of law is an exceptional case and was intentional. Said exceptional and intentional actions have damaged Tollefson entitling him to treble its actual damages and the award of fees as a matter of law.

---

[8] (Cornell University's Legal Information Institute).

10

ARGUMENT AND LEGAL STANDARDS

50.     This succinct argument will be greatly expanded upon subsequent to Defendant

delivering his Complaint Answers. Nonetheless a short judicial immunity segment assures *Iqbal*

standard compliance as set by the Supreme Court and denies Defendant a Summary Judgment in

the event he cowers behind his robe claiming judicial immunity.

51.     Ordinarily, courts consider statutory issues first to avoid Constitutional issues.

However, the First Amendment, Due Process Doctrine and Constitutional Rights violations are

issues customarily construed in light of Civil Rights concerns, particularly insofar as they

distinguish between Judicial Immunity and Constitutional Rights.

52.     42 U.S.C. § 1983 is applicable to State Actors. A Bivens action applicable to State

Actors who commit federal crimes under the color law resulting in 18 U.S.C. § 242 (See Exhibit

242 1983 Bullet Point). In *Davis v. Passman, 99 **S.** Ct. 2264 (1979)*, the Court extended *Bivens*

beyond the fourth amendment by implying a cause of action and a damages remedy under the

Equal Protection component of the Due Process Clause of the Fifth Amendment. In *Carey v.*

*Piphus* the Court ruled that nominal and proven compensatory damages are appropriate to redress

such a grievance.

53.     Defendant Corwin is as State Actor. The United States Supreme Court has

recognized that a judge is not immune from criminal liability, *Ex Parte Virginia, 100 U.S. 339,*

*348-349, 25 L.Ed. 676 (1880)*, or from a suit for prospective injunctive relief, *Pulliam v. Allen, 466*

*U.S. 522, 536-543, 104 S.Ct. 1970, 1977-1982, 80 L.Ed.2d 565 (1983)*, or from a suit for attorney's

fees authorized by statute, id., at 543-544, 104 S.Ct., at 1981-1982 (See also *Supreme Court of*

*Virginia v. Consumers Union of United States, Inc., 446 U.S. 719, 736-737, 100 S.Ct. 1967, 1977,*

*64 L.Ed.2d 641 (1980); Mitchell v. Forsyth, 472 U.S. 511, 520-524, 105 S.Ct. 2806, 2812-2814, 86*

11

1   *L.Ed.2d 411 (1985)* Moreover, even if the act is "judicial," judicial immunity does not attach if the

2   judge is acting in the " 'clear absence of all jurisdiction.' " *Stump v. Sparkman, 435 U.S., at 357, 98*

3   *S.Ct., at 1105* (quoting *Bradley v. Fisher, 13 Wall. 335, 351, 20 L.Ed. 646 (1872)*).

4       54.    THE AMERICAN UNIVERSITY LAW REVIEW [Vol. 34:523] Judicial

5   Accountability for Civil Rights Abuses with Judicial Immunity: The United States Supreme Court

6   has stated that individual accountability for one's conduct is central to an organized society *Pulliam*

7   *v. Allen, 104 S. Ct. 1970, 1981-82 (1984)* See *Complete Auto Transit, Inc. v. Reis, 451 U.S.*

8   *401,429 (1981* (recognizing principle of individual accountability as fundamental to organized

9   society and organized system of justice); *United States v. Lee, 106 U.S. (16 Otto) 196, 220 (1882*

10  (stating that no man is above law and all government officials are bound to obey the law); *Marbury*

11  *v. Madison, 5 U.S. 137, 162, 1 Cranch 137, 163 (1803)* (recognizing the right to seek remedy for

12  injury as the essence of civil liberty). *Olmstead v. United States, 277 U.S. 438, 485 (1928*

13  (government officials (including judges) should be subject to same laws as private citizens).

14      55.    Congress enacted the Civil Rights Act of 1871 to strengthen the newly ratified

15  fourteenth amendment. Section 1983 of the Act imposes civil liability on any person who, under

16  the color of state law, causes the deprivation of another individual's civil rights. Congress intended

17  section 1983 to reach all state actors, including state judges.

18      56.    *Pulliam v. Allen* was the first Supreme Court case to reject judicial immunity and

19  hold a judge civilly accountable for his[her] acts. In Pulliam the Court affirmed the award of

20  injunctive and declaratory relief under section 1983, and attorney's fees under section 1988, against

21  a state court judge who, acting within her proper jurisdiction, had violated the plaintiffs' civil

22  rights.

23      57.    The Supreme Court has indicated that judicial immunity does not extend to a

12

1   judge's liability for criminal acts in his judicial capacity. See *O'Shea v. Littleton, 414 U.S. 488, 503*

2   *(1974)* See 42 U.S.C. § 1983 (1982) (limiting application to person acting under color of law of

3   any state, territory, or District of Columbia).

4        58.     State Courts are bound to uphold Federal law by application of Article VI of the

5   United States Constitution and *Stone v Powell, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d*

6   *1067 (1976)* stating "State courts, like federal courts, have a constitutional obligation to safeguard

7   personal liberties and to uphold federal law."

8   CONCLUSION

9        59.     Corwin's actions violated the very Constitutional Protections which he has sworn to

10  uphold, violated Judicial Canons, violated Rules and Statutes constituting Judicial Misconduct and

11  Criminal Acts under **"color of law"** (Title 18 U. S. C. § 242) simultaneously denying Tollefson

12  Due Process. That should not surprise anyone in that Defendant also stalked, harassed and sexually

13  molested a court reporter in 2010 – 2011.

14       60.     The Supreme Court of the United States *United States V. Calandra* 414 U.S. 338

15  Opinion states: <u>When judges appear to become "accomplices in the willful disobedience of a</u>

16  <u>Constitution they are sworn to uphold,"</u> *Elkins v. United States*, supra at 223, <u>we imperil the</u>

17  <u>foundation of our people's trust in their Government on which our democracy rests.</u> See *On Lee v.*

18  *United* [p361] States, 343 US. 747, 758~ 759 (1952) [sic] (citing *Terry v. Ohio* 392 US. 1).

19       61.     As part and parcel to this Federal instant case, Gripe Sites will be timely launched

20  wherein Defendant will be forced to imprison Tollefson pursuant to Defendant's extortion to do so.

21  Upon Corwin imprisoning Tollefson for asserting his Civil Right of Free Speech, I do expect the

22  Federal Court to imprison Corwin for violating Tollefson's Rights once again.

23

13

## REQUEST FOR RELIEF

For all of the foregoing reasons, Tollefson requests that:

1. The Court Order injunctive and declaratory relief to Tollefson.

2. The Court Order damages of no less than $50,000.00 US to Tollefson.

3. The Court Order Defendant to pay Tollefson legal and non taxable fees pursuant to the Federal Rules of Civil Procedure.

4. The Court Order an injunction against Wickham Corwin's extortion threat(s).

5. The Court Order a protective restraining order against Wickham Corwin.

6. That the Court report Defendant's conduct to the appropriate discipline and law enforcement authorities.

7. The Court Order Defendant stripped of Judicial Immunity for all actions involving Tollefson.

8. For any such further relief as the court may deem just and equitable.

Respectfully submitted this 12th Day of July, 2013

Pursuant to 28 USC § 1746[9] declaration I certify, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

X _____

Jon R Tollefson Pro-Se
jontollefson@hotmail.com
1038 South Shore Drive
Detroit Lakes, MN 58501
Tel. (701) 200-9254
*Attorney Pro Se for Defendant*

---

[9] http://www.law.cornell.edu/

14