UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EAST CENTRAL DIVISION

| | | |
|---|---|---|
| Jon Reed Tollefson, | ) | |
| | ) | |
| Plaintiff, | ) | **Case Number: 3:13-cv-53** |
| | ) | |
| vs. | ) | |
| | ) | |
| Wickham Corwin, | ) | |
| | ) | |
| Defendant. | ) | |

---

## MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS

---

State of North Dakota
Wayne Stenehjem
Attorney at Law

By:    Jennifer L. Verleger
       Assistant Attorney General
       State Bar ID No. 06732

       Ann M. Schaibley
       Assistant Attorney General
       State Bar ID No. 07449
       Office of Attorney General
       500 North 9th Street
       Bismarck, ND 58501-4509
       Telephone (701) 328-3640
       Facsimile (701) 328-4300

Attorneys for Defendant Wickham Corwin.

## TABLE OF CONTENTS AND AUTHORITIES

<u>Page(s)</u>

STATEMENT OF THE CASE ................................................................................. 1

LAW AND ARGUMENT ...................................................................................... 2

I.     MOTION TO DISMISS STANDARD ........................................................... 2

      <u>Navarro v. Block</u>,
          250 F.3d 729 (9th Cir. 2001) ........................................................ 2

      Fed. R. Civ. P. 12(b)(6) ........................................................................... 2

      <u>Young v. City of St. Charles</u>,
          244 F.3d 623 (8th Cir. 2001) ........................................................ 2

      <u>Zimmerman v. Oregon Department of Justice</u>,
          170 F.3d 1169 (9th Cir. 1999) ..................................................... 2

      <u>In re VeriFone Sec. Litig.</u>,
          11 F.3d 865 (9th Cir. 1993) ......................................................... 2

      <u>Martin v. Sargent</u>,
          780 F.2d 1334 (8th Cir. 1985) ..................................................... 2

II.    THE CLAIMS AGAINST JUDGE CORWIN ARE BARRED BY
      ABSOLUTE JUDICIAL IMMUNITY ........................................................... 2

      A.    <u>Judges are entitled to absolute immunity if their acts were
             "judicial acts" not taken in the "clear absence of all
             jurisdiction</u> ................................................................................ 2

             <u>Pierson v. Ray</u>,
                 386 U.S. 547 (1967) .............................................. 2, 3

             <u>Bradley v. Fisher</u>,
                 13 Wall. 335, 20 L Ed. 646 (1872) ...................... 2

             <u>Stump v. Sparkman</u>,
                 435 U.S. 349 (1978) .............................................. 3, 4

             <u>Bradley v. Fisher</u>,
              80 U.S. 335 (1871) ............................................... 3

Mireles v. Waco,
    502 U.S. 9 (1991) ............................................................... 3, 4

Liles v. Reagan,
    804 F.2d 493 (8th Cir. 1986) ........................................... 3

42 U.S.C. § 1983 ............................................................... 3

B.    Judge Corwin is entitled to judicial immunity ............................................. 4

Mireles v. Waco,
    502 U.S. 9 (1991) ............................................................... 4

Liles v. Reagan,
    804 F.2d 493 (8th Cir. 1986) ........................................... 4

N.D. Const. art. VI, § 8 ...................................................... 5

N.D.C.C. § 27-05-06 .......................................................... 5

III.    THE COMPLAINTS SHOULD BE DISMISSED BASED UPON THE
DOCTRINE OF ABSTENTION ................................................... 5

Younger v. Harris,
    401 U.S. 37 (1971) ........................................................ 5, 6, 7

Huffman v. Pursue, Ltd.,
    420 U.S. 592,
    reh'g den. 421 U.S. 971 (1975) ...................................... 5

Pennzoil Co. v. Texaco, Inc.,
    481 U.S. 1 (1987) ............................................................ 5

Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,
    457 U.S. 423 (1982) ........................................................ 5

Moore v. Sims,
    442 U.S. 415 (1979) ........................................................ 5

Hawaii Housing Authority v. Midkiff,
    467 U.S. 229 (1984) ........................................................ 5

Hirsch v. Justices of Supreme Court,
    67 F. 3d 708 (9th Cir. 1995) ........................................... 5

Temple of the Lost Sheep, Inc. v. Abrams,
    930 F.2d 178 (2d Cir.),
    cert. denied, 502 U.S. 866 (1991) ....................................................................... 6

Baffert v. Cal. Horse Racing Bd.,
    332 F.3d 613 (9th Cir. 2003) ........................................................................... 6

Hirsch v. Justices of Supreme Court,
    67 F.3d 708 (9th Cir. 1995) ............................................................................. 6

New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,
    491 U.S. 350 (1989),
    cert. granted, 499 U.S. 974,
    and cert. dismissed, 502 U.S. 954 (1991) .......................................................... 6

Huffman v. Pursue, Ltd.,
    420 U.S. 592 (1975) ........................................................................................ 6

Marciano v. White,
    431 F. App'x 611 (9th Cir. 2011) ..................................................................... 6

Juidice v. Vail,
    430 U.S. 327 (1977) ........................................................................................ 7

Gibson v. Berryhill,
    411 U.S. 564 (1973) ........................................................................................ 7

IV.    THIS COURT LACKS SUBJECT MATTER JURISDICTION ................................... 7

    A.    This court does not have jurisdiction to review a decision of the
        Cass County District Court ............................................................................. 7

        Keene Corp. v. Cass,
            908 F.2d 293 (8th Cir. 1990) ............................................................. 7, 8

        District of Columbia Court of Appeals v. Feldman,
            460 U.S. 462 (1983) ...................................................................... 7, 8, 9

        Rooker v. Fidelity Trust Co.,
            263 U.S. 413 (1923) ......................................................................... 7, 8

        Pennzoil Co. v. Texaco, Inc.,
            481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) ......................... 8

        Snider v. City of Excelsior Springs, Missouri,
            154 F.3d 809 (8th Cir. 1998) .............................................................. 8

Anderson v. Colorado,
    793 F.2d 262 (10th Cir. 1986) .............................................................. 8

Van Sickle v. Holloway,
    791 F.2d 1431 (10th Cir. 1986) ............................................................ 8

Holeman v. Elliott,
    732 F. Supp. 726 (S.D. Tex. 1990),
    aff'd without opinion, 927 F.2d 601 (5th Cir.),
    cert. denied, 502 U.S. 812 (1991) ..................................................... 8, 9

28 U.S.C. § 1257 ......................................................................................... 9

V.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE
    TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL
    PROCEDURE 12(b)(6) ........................................................................... 9

Fed. R. Civ. P. 12(b)(6) ............................................................................... 9

Coleman v. Watt,
    40 F.3d 255 (8th Cir. 1994) .......................................................... 9

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (U.S. 2009) ...................................................... 9-10

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ....................................................................... 10

Fed. R. Civ. P. 8(a)(2) ............................................................................... 10

A.    Section 1983 suits do not lie against state officials acting in
    their official capacities .............................................................. 10

42 U.S.C. § 1983 ............................................................................. 10, 11

Will v. Michigan Dept. of State Police,
    491 U.S. 58 (1989) ......................................................................... 11

Egerdahl v. Hibbing Cmty. Coll.,
    72 F.3d 615 (8th Cir. 1995) .................................................... 11, 12

Nix v. Norman,
    879 F.2d 429 (8th Cir. 1989) ......................................................... 11

Johnson v. Outboard Marine Corp.,
172 F.3d 531 (8th Cir. 1999) .................................................... 11, 12

Andrus ex rel. Andrus v. Arkansas,
197 F.3d 953 (8th Cir. 1999) .......................................................... 11

Murphy v. Arkansas,
127 F.3d 750 (8th Cir. 1997) .......................................................... 11

Wells v. Brown,
891 F.2d 591 (6th Cir. 1989) .......................................................... 11

Artis v. Francis Howell N. Band Booster Ass'n, Inc.,
161 F.3d 1178 (8th Cir. 1998) ......................................................... 12

Will v. Mich. Dep't of State Police,
491 U.S. 58 (1989) ........................................................................... 12

42 U.S.C. § 1983 ..................................................................................... 12

Fed. R. Civ. P. 12(b)(6) .......................................................................... 12

B.    18 U.S.C. §§ 241 AND 242 ARE CRIMINAL STATUTES
AND DO NOT GIVE RISE TO A CIVIL CAUSE OF ACTION ................. 12

Molina v. City of Lancaster,
159 F.Supp.2d 813 (E.D.Pa.2001) ................................................. 12

Figueroa v. Clark,
810 F.Supp. 613 (E.D.Pa.1992) ..................................................... 12

United States v. Philadelphia,
644 F.2d 187 (3d Cir.1980) ............................................................ 12

18 U.S.C. § 241 ............................................................................... 12, 13

18 U.S.C. § 242 ............................................................................... 12, 13

U.S. ex rel. Savage v. Arnold,
403 F.Supp. 172 (E.D.Pa.1975) ..................................................... 12

Shahin v. Darling, 606 F. Supp. 2d 525, 538 (D. Del. 2009),
aff'd, 350 F. App'x 605 (3d Cir. 2009) ...................................................... 12

Fed. R. Civ. P. 12(b)(6) .......................................................................... 13

C.    18 U.S.C. §§ 873, 875, and 1503 ARE WHOLLY INAPPLICABLE TO THE UNDERLYING MATTER ................................. 13

18 USC § 873 ................................................................... 13, 14

18 USC § 875 ................................................................... 13, 14

18 USC § 1503 ................................................................. 13, 14

United States v. Bashaw,
    982 F.2d 168 (6th Cir. 1992) ......................................... 13

United States v. Howard,
    569 F.2d 1331 (5th Cir. 1978) ....................................... 13

CONCLUSION ........................................................................ 14

## STATEMENT OF THE CASE

On July 12, 2013, plaintiff Jon Reed Tollefson (Tollefson) filed a Complaint with the United States District Court, District of North Dakota.  The Complaint names Wickham Corwin (Judge Corwin) as the defendant.  The Summons and Complaint were left with the Clerk of Court's office in Cass County on July 12, 2013.  The Complaint, along with a Complaint Supplement[1], was personally served on Judge Corwin on July 19, 2013.

Judge Corwin is a Cass County Judge who presided over a hearing in Cass County Case No. 09-2012-CV-01346, on April 29, 2013, in which Tollefson was a defending party.  See Complaint and Complaint Supplement generally.  After the hearing, on May 8, 2013, Judge Corwin issued an Order finding Tollefson in contempt of court.  See Complaint, ¶12.  The Order provides:

1.   Pursuant to Plaintiffs' Motion for Contempt of Court dated April 11, 2013, and the Court's Order to Show Cause signed by the Honorable Wickham Corwin on April 12, 2013, the Court held an order to show cause hearing on April 29, 2013 in which it required Defendant Jon Tollefson to show why he should not be held in contempt of court for violating a previous order of the court instructing him to stop making threats and bringing action against parties and non-third party individuals.  Michael L. Gust appeared on behalf of the Plaintiffs and Jon Tollefson appeared pro se.

2.   Based upon the filings on record with the Court, including but not limited to, Plaintiffs' Motion for Contempt and the Affidavit of Michael L. Gust, as well as the arguments during the hearing on April 29, 2013, the Court hereby finds Jon Tollefson to be in contempt of court.  As a sanction for Jon Tollefson's contempt, Tollefson must pay attorney's fees to Plaintiffs in the amount of $750 within fourteen (14) days of the date of this Order.

See Order, Attached.  The Complaint and the Complaint Supplement generally allege Tollefson's rights were violated at the April 29, 2013 hearing and by the May 8, 2013 Order.

---

[1]  The Complaint Supplement should be considered Tollefson's First Amended Complaint.

## LAW AND ARGUMENT

### I.   MOTION TO DISMISS STANDARD

A motion to dismiss challenges the legal sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in the legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).

In ruling on a motion to dismiss under Rule 12(b)(6), a court accepts as true "the facts alleged in the complaint." Zimmerman v. Oregon Department of Justice, 170 F.3d 1169, 1171 (9th Cir. 1999). However, a complaint must plead facts that, if true, state a claim as a matter of law. Conclusory allegations are not sufficient. See In re VeriFone Sec. Litig., 11 F.3d 865, 868 (9th Cir. 1993); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

The facts alleged throughout the Complaint and the Complaint Supplement, even if the Court accepts them to be true, are not sufficient to state a claim upon which relief could be granted.

### II.   THE CLAIMS AGAINST JUDGE CORWIN ARE BARRED BY ABSOLUTE JUDICIAL IMMUNITY.

A.   Judges are entitled to absolute immunity if their acts were "judicial acts" not taken in the "clear absence of all jurisdiction."

Courts have long recognized the doctrine that judges may not be held civilly liable for judicial acts within their jurisdiction. In Pierson v. Ray, 386 U.S. 547 (1967), for example, the United State Supreme Court wrote:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. 335, 20 L Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." . . .   It is a judge's duty to decide all cases within his

2

> jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants.  His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.  Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation.

Id. at 553-43.   In Pierson, the Supreme Court held that a municipal police justice was absolutely immune from suit in an action based on his role in convicting the appellants of violating a state breach of peace statute, although the justice's decision had been overturned on appeal.  Id. at 549-50.

In Stump v. Sparkman, 435 U.S. 349 (1978), the Supreme Court held that the doctrine of judicial immunity must be applied broadly.  In its decision the Supreme Court set forth the following test for determining the application of the judicial immunity doctrine:

> [T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him.  Because "some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction . . . ," Bradley [v. Fisher, 80 U.S. 335, 352 (1871)], the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.  A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."  13 Wall., at 351.

Id. at 356-57 (footnote omitted).

The Supreme Court reaffirmed this principle in 1991, stating "our cases make clear that the immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (citations omitted); see also Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986) ("[A] judge is entitled to absolute immunity if the acts complained of were 'judicial acts' and were not taken in the 'clear absence of all jurisdiction.'").

The Supreme Court has made it clear that judicial immunity applies irrespective of a judge's state of mind and even if a judge exceeds his judicial authority.  In <u>Stump</u>, the judge was sued under 42 U.S.C. § 1983 for allegedly signing an order authorizing the plaintiff's sterilization without her knowledge or permission, allegedly in violation of her constitutional rights.  The plaintiff asserted the state court judge improperly signed the sterilization order at the request of the plaintiff's mother without a hearing or notice to the plaintiff.  <u>Id.</u> at 351-54.  The Supreme Court held that despite the "tragic consequences" of the judge's actions in that case, <u>id.</u> at 363, the judge was immune from damages liability even if his approval of the sterilization petition was in error, <u>id.</u> at 364.

More recently, in <u>Mireles</u>, the Supreme Court stated that "judicial immunity is not overcome by allegations of bad faith or malice."  502 U.S. at 11.  The Court explained the issue is not whether the judge acted legally, but whether the judge was acting in a judicial capacity, <u>i.e.</u>, whether the judge's act was one normally performed by a judicial officer and whether the parties dealt with the judge in his judicial capacity.  <u>Id.</u> at 12.  Thus, the question is not how the judge exercised the particular act, but the nature or function of the act:

> But if only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a "nonjudicial" act, because an improper or erroneous act cannot be said to be normally performed by a judge.  If judicial immunity means anything, it means that a judge "will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  Accordingly, as the language in <u>Stump</u> indicates, the relevant inquiry is the "nature" and "function" of the act, not the "act itself."  In other words, we look to the particular act's relation to a general function normally performed by a judge . . . .

<u>Id.</u> at 12-13 (citations omitted).

B.      <u>Judge Corwin is entitled to judicial immunity</u>.

Judge Corwin is entitled to judicial immunity in this suit under the tests set forth in <u>Liles</u> and <u>Mireles</u>.   The Complaint relates to "judicial acts" of Judge Corwin that were within his jurisdiction.  The Complaint acknowledges Judge Corwin is a judge.  Compl. ¶9, p. 3.  And the Complaint only relates to actions taken by Judge Corwin while

presiding over a state court proceeding. Compl. ¶16, p. 5. Specifically, Judge Corwin made a determination of contempt and presided over the hearing in Tollefson's civil case. Compl. ¶12, p. 4. Presiding over state civil proceedings is a function normally performed by a district court judge. Thus, the allegations in the Complaint are limited to allegations involving Judge Corwin's judicial acts.

Judge Corwin's judicial acts were not done in the clear absence of all jurisdiction. District courts in North Dakota are courts of general jurisdiction. N.D. Const. art. VI, § 8; N.D.C.C. § 27-05-06. Judge Corwin was, therefore, acting within his jurisdiction as a North Dakota district court judge when he presided over Tollefson's civil proceeding. Accordingly, judicial immunity bars Tollefson's claims against Judge Corwin.

## III.   THE COMPLAINTS SHOULD BE DISMISSED BASED UPON THE DOCTRINE OF ABSTENTION.

The Complaint also should be dismissed based on the doctrine of abstention announced in Younger v. Harris, 401 U.S. 37 (1971). The abstention doctrine became applicable to civil proceedings in Huffman v. Pursue, Ltd., 420 U.S. 592, reh'g den. 421 U.S. 971 (1975). The doctrine is derived from fundamental principles of federalism and comity and it advises against a federal court's involvement in the areas that are committed to the jurisdiction of state bodies. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 10-11 (1987); Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 431 (1982); Moore v. Sims, 442 U.S. 415, 434 (1979). The doctrine urges "federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings . . ." Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 237 (1984). Absent extraordinary circumstances, abstention in favor of state judicial proceedings is required if Younger abstention applies. Hirsch v. Justices of Supreme Court, 67 F. 3d 708, 712 (9th Cir. 1995).

Abstention under Younger v. Harris is warranted "when there is an ongoing state proceeding involving an important state interest that provides the federal plaintiff with an

adequate opportunity for judicial review of [their] federal constitutional claims." Temple of the Lost Sheep, Inc. v. Abrams, 930 F.2d 178, 182 (2d Cir.), cert. denied, 502 U.S. 866 (1991).  See also Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003); Hirsch v. Justices of Supreme Court, 67 F.3d 708, 712 (9th Cir. 1995).  As the Supreme Court explained, "[f]or Younger purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign."  New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989), cert. granted, 499 U.S. 974, and cert. dismissed, 502 U.S. 954 (1991).  Thus, "a necessary concomitant of Younger is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court."  Id. (quoting Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975)).

Abstention is appropriate in this case.  The underlying action currently is pending in the North Dakota Court System, and it is that very proceeding that Tollefson is attempting to circumvent.  Tollefson challenges an Order of the Cass County District Court. Tollefson's federal claims could be presented to the presiding judge in the state district court case and, on appeal, to the North Dakota Supreme Court.  Tollefson has not exhausted all remedies at the state level.  Therefore, the first prerequisite for abstention – an ongoing state court proceeding – has been satisfied in this case.

The second prerequisite to abstention, a substantial state interest necessary to implicate the abstention doctrine – also is present.  Tollefson seeks a ruling in federal district court challenging the ability of a state court judge to find him in contempt and issues sanctions against him for failing to follow the Court's Order.  This is nearly identical to the facts in Marciano v. White, where the Court confirmed that the state had a substantial state interest in compelling compliance with its Orders.  Marciano v. White, 431 F. App'x 611, 613-14 (9th Cir. 2011).  Accordingly, this case meets the second prerequisite for abstention.

The final prerequisite to abstention – a state court opportunity to vindicate federal rights – also is present in this action.  See Juidice v. Vail, 430 U.S. 327, 335 (1977).  North Dakota rules of Court would have allowed Tollefson to raise his claims at the Order to Show Cause hearing, or through a motion to vacate the Order after it was issued.  Tollefson chose not to pursue either of those avenues and now attempts to bypass those process options by bringing claims in federal court.  The state court offered Tollefson the opportunity to vindicate his federal rights.

The abstention doctrine enunciated in "Younger v. Harris, contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."  Gibson v. Berryhill, 411 U.S. 564, 577 (1973).  Because this case involves inquiry into an important state interest in a pending state court proceeding where Tollefson has an adequate opportunity to raise his constitutional claims, the Complaints should be dismissed.

## IV.   THIS COURT LACKS SUBJECT MATTER JURISDICTION.

### A.   This court does not have jurisdiction to review a decision of the Cass County District Court.

Tollefson asks this Court to review a decision of the Cass County District Court.  The rule is clear:  "Federal courts, with the exception of the United States Supreme Court, do not possess appellate jurisdiction over state court proceedings." Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990) (citations omitted); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983);  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  The Feldman or Rooker-Feldman doctrine prohibits a constitutional challenge in federal court which is "'inextricably intertwined' with claims asserted in a state court proceeding." Id. (citations omitted).  Explaining this prohibition, the Eighth Circuit stated in Keene,

> Under the Feldman doctrine,
>
> > the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that

7

> the state court wrongly decided the issues before it.  Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring).

> Where a litigant attempts to circumvent the requirement of seeking direct review in the United States Supreme Court by casting her lawsuit as a section 1983 action, Feldman's jurisdictional bar applies.  Similarly, the Feldman doctrine applies to claims for both injunctive and declaratory relief.

Keene, 908 F.2d at 296-97 (citations omitted) (footnote omitted).  See also Snider v. City of Excelsior Springs, Missouri, 154 F.3d 809, 811-12 (8th Cir. 1998).

In Keene the Eighth Circuit concluded Keene's request for an injunction was barred under Feldman:

> In the present case, it would be impossible for the federal district court to evaluate Keene's constitutional claims in the abstract.  Rather, the court would have to analyze the Minnesota state court rulings to determine whether the materials were privileged or were protected by the prior federal court order.  Accordingly, we agree with the district court that Keene's constitutional claims are inextricably intertwined with the rulings of the Minnesota state courts.

Keene, 908 F.2d at 297 (footnote omitted); see also Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986) (holding under Rooker and Feldman district court lacked subject matter jurisdiction over civil rights action seeking declaratory and injunctive relief against state and district court judges); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986) (finding district court had no subject matter jurisdiction under Feldman over civil rights suit against several state and federal court judges).

In Holeman v. Elliott, 732 F. Supp. 726 (S.D. Tex. 1990), aff'd without opinion, 927 F.2d 601 (5th Cir.), cert. denied, 502 U.S. 812 (1991), a federal district court dismissed a section 1983 action seeking, among other things, injunctive relief against a state court judge, alleging the judge had violated the plaintiff's due process rights by engaging in ex parte communications.  The court held:

> Plaintiff's claims are merely collateral attacks on the state court's judgment

8

> in the guise of a civil rights action.  Plaintiff is, in essence, seeking a reversal in federal court of a state court judgment.  This Court does not have jurisdiction to review the constitutionality of a judgment rendered in state court.  Plaintiff's proper course of action is to appeal the family court's ruling through the Texas state appellate courts to the United States Supreme Court.  It is therefore ordered that Defendant's motion to dismiss be granted.

732 F. Supp. at 727 (citations omitted).

Tollefson's claims are "inextricably intertwined" with Judge Corwin's Contempt Order issued on May 8, 2013, after the April 29, 2013 hearing.  His federal claims can succeed only if this Court finds Judge Corwin wrongly issued the May 8, 2013 Order for Contempt.  In fact, the Complaint requests this Court issue an injunction against Judge Corwin from enforcing his Order.  Tollefson had subsequently made objections and motions for "Rule 60 Relief" from the Contempt Order.  See Docket # 159 and 166, Cass County Case No. 09-2012-CV-01346.  Plaintiff's federal action is, in substance, a prohibited appeal of Judge Corwin's decision.

Tollefson is required to pursue his remedies in the appropriate forum.  He can seek review of the state court's decision to the North Dakota Supreme Court and then to the United States Supreme Court.  28 U.S.C. § 1257.  He may not circumvent that process by filing these Complaints "in the guise of a civil rights action."

Under the Feldman doctrine, this Court has no jurisdiction over Tollefson's claims. The Complaints should be dismissed.

## V.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

The Court need not look further than judicial immunity to dismiss all of the claims brought by Tollefson against Judge Corwin.  In addition to judicial immunity, Rule 12(b)(6) provides another basis under which the Court must dismiss all of Tollefson's claims.  A Complaint must be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

The United States Supreme Court's decision in Ashcroft v. Iqbal, 129 S. Ct. 1937

(U.S. 2009), discussed the Rule 8 pleading standard.  In <u>Iqbal</u>, the Court explained the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Id.</u> at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  <u>Id.</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 557 (2007)).  Rather, as explained by the Court:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

<u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556, 557, 570).

The Court reiterated that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u>  It also emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss," and that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"  <u>Id.</u> at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## A.   Section 1983 suits do not lie against state officials acting in their official capacities.

Tollefson's first claim for relief alleges a cause of action grounded in the Federal Civil Rights Act, 42 U.S.C. § 1983.  <u>Complaint</u> at ¶¶20-23.  The United States Supreme Court, however, has held that a section 1983 action does not lie against a state, its agencies, or its officials in their official capacities because a state is not a "person"

within the meaning of the Civil Rights Act.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

A plaintiff in a 42 U.S.C. §1983 suit must allege in the complaint whether the plaintiff is suing the defendant in his individual or official capacity.  See Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995) (citing Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989)).  As a judgment against a public official in his individual capacity exposes him to compensatory and punitive damages, it is essential that §1983 litigants wishing to sue government agents state the capacities in which the defendants are sued.  Nix, 879 F.2d at 431.  The specification of official or individual capacity insures that the defendant will receive prompt notice of his potential personal liability. Id.; Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (stating "that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants"); cf. Andrus ex rel. Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999) (explaining that "[i]n actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability").

Adequate notice to a defendant, however, is not the only reason the capacity in which the plaintiff is suing the defendant must be identified.  This pleading requirement is also strictly enforced "because '[t]he Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees.'"  Murphy v. Arkansas, 127 F.3d 750, 755 (8th Cir. 1997) (quoting Nix, 879 F.2d at 431).

Even with the less stringent pleading requirements for pro se complaints, minimum pleading requirements such as capacity are required:

> It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs, some of whom file several appeals each year with us, alert party defendants that they may be individually responsible in damages.  The trial and appellate courts should not have to guess at the nature of the claim asserted.

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

11

When a complaint is silent about the capacity in which the plaintiff is suing a defendant, courts "interpret the complaint as including only official-capacity claims." Egerdahl, 72 F.3d at 619; see also Johnson, 172 F.3d at 535 (stating "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.").

Neither the Complaint, nor the Complaint Supplement, indicates Judge Corwin is being sued in his individual capacity. Tollefson's Complaint stems from Judge Corwin presiding over a case in which Tollefson was a defendant. Thus, the complaint is against Judge Corwin in his official capacity, meaning it is against the State. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Tollefson may not bring a §1983 claim against Judge Corwin in his official capacity. The §1983 claim against Judge Corwin in his official capacity should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### B. 18 U.S.C. §§ 241 AND 242 ARE CRIMINAL STATUTES AND DO NOT GIVE RISE TO A CIVIL CAUSE OF ACTION.

Tollefson's second and seventh claims for relief allege causes of action under 18 U.S.C. §§ 242 and 241, respectively. As the Court held in Shahin v. Darling:

> These sections establish criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights. *Molina v. City of Lancaster,* 159 F.Supp.2d 813, 818 (E.D.Pa.2001); *Figueroa v. Clark,* 810 F.Supp. 613, 615 (E.D.Pa.1992); *See United States v. Philadelphia,* 644 F.2d 187 (3d Cir.1980) (Third Circuit declines to create civil remedy under 18 U.S.C. §§ 241 and 242). Plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action. *U.S. ex rel. Savage v. Arnold,* 403 F.Supp. 172 (E.D.Pa.1975).

Shahin v. Darling, 606 F. Supp. 2d 525, 538 (D. Del. 2009), aff'd, 350 F. App'x 605 (3d Cir. 2009). Because Tollefson is a private person, he cannot bring claims under 18

U.S.C. §§ 241 and 242, which are criminal statutes, against Judge Corwin.  As a result the Court must dismiss these claims pursuant to 12(b)(6).

### C.    18 U.S.C. §§ 873, 875, and 1503 ARE WHOLLY INAPPLICABLE TO THE UNDERLYING MATTER.

Tollefson's third and fourth claims for relief rely on 18 USC § 873, 18 USC § 875, and 18 USC § 1503.  Tollefson misconstrues and misreads all of these statutes, and in doing so, alleges that they have applicability to him.  An ordinary reading of these laws, however, shows that Tollefson's application is clearly erroneous.

Section 873 criminalizes blackmail with the following language:

> Whoever, under a threat of informing, or as a consideration for not informing, against any violation of any law of the United States, demands or receives any money or other valuable thing, shall be fined under this title or imprisoned not more than one year, or both.

There is no basis in fact for alleging that this statute was violated.  Judge Corwin did not demand money in exchange for not informing against a violation of any law of the United States.  Judge Corwin fined Tollefson for violating a court order.  Section 873 is not applicable, and Tollefson's claim should be dismissed.

Section 875 criminalizes certain interstate communications.  Again, Tollefson is not clear in his claim as to what is being alleged, but he appears to argue that by mailing a copy of the Court's Order to Tollefson at his temporary residence in Minnesota, Judge Corwin violated this statute. Tollefson fails to allege any facts that would support application of Section 875 to Judge Corwin.

Last, section 1503, which criminalizes influencing or injuring an officer or a juror, has no factual basis in the Complaints and only applies to federal actions. United States v. Bashaw, 982 F.2d 168, 170 (6th Cir. 1992).  Additionally, similar to the defendants in United States v. Howard, Tollefson may be misreading the statue.

> Section 1503 does not forbid interferences with doing "justice," in the sense of "fairness" and "rightness," although undoubtedly it has an effect to do so. Instead, it forbids interferences with the "administration of justice," which means judicial procedure. United States v. Howard, 569 F.2d 1331, 1337 (5th Cir. 1978).

13

Tollefson's claims based on 18 U.S.C. §§873, 875 and 1503 must be dismissed as there is no factual basis for application of any of these claims to Judge Corwin and therefore Tollefson fails to state a claim upon which relief may be granted.

## **CONCLUSION**

Upon all of the arguments set forth herein, Tollefson's Complaint and Complaint Supplement must be dismissed due to judicial immunity, failure to state a claim, and lack of jurisdiction in this Court for the claims made.

Dated this 9th day of August, 2013.

State of North Dakota
Wayne Stenehjem
Attorney at Law

By:    /s/  Jennifer L. Verleger
        Jennifer L. Verleger
        Assistant Attorney General
        State Bar ID No. 06732

By:    /s/  Ann M. Schaibley
        Ann M. Schaibley
        Assistant Attorney General
        State Bar ID No. 07449
        Office of Attorney General
        500 North 9th Street
        Bismarck, ND 58501-4509
        Telephone (701) 328-3640
        Facsimile (701) 328-4300

Attorneys for Defendant Wickham Corwin.

e:\dixie\nr\schaibley\corwin\motion to dismiss - brief.docx

**CERTIFICATE OF SERVICE**

**CASE NUMBER: 3:13-cv-53**

I hereby certify that on August 9, 2013, the following document: **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was filed electronically with the Clerk of Court through ECF.

I further certify that a copy of the forgoing document was served upon the following by mailing a true and correct copy thereof to the following non-ECF participant:

Jon Reed Tollefson
1038 South Shore Drive
Detroit Lakes, MN 56501

with postage prepaid, in the United States mail at Bismarck, North Dakota this 9th day of August, 2013.

By:   /s/  Jennifer L. Verleger
      Jennifer L. Verleger
      Assistant Attorney General