# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jon Reed Tollefson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:13-cv-53 |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| Wickham Corwin, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Jon Reed Tollefson ("Tollefson"), who is proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. #1). Defendant Judge Wickham Corwin ("Judge Corwin") filed a motion to dismiss. (Doc. #7). Thereafter, Tollefson filed a motion for a temporary restraining order ("TRO") against Judge Corwin and a motion for a hearing. (Doc. #29). Tollefson seeks damages of no less than $50,000 from Judge Corwin.[1] (Doc. #1). The court has allowed an amendment to the complaint to assert claims against Judge Corwin in his individual capacity as well as his official capacity. (Doc. #43).

## Summary of Recommendation

Judge Corwin is immune from suit under the Eleventh Amendment and the doctrine of judicial immunity because he is a state employee and his actions were judicial in nature and within his jurisdiction. Additionally, a TRO or preliminary injunction cannot be issued against

---

[1] Tollefson also seeks criminal charges against Judge Corwin for violating Tollefson's constitutional rights and for obstructing justice. (Doc. #1). However, Tollefson does not have a constitutional right to have a defendant charged with a crime. A private citizen does not have a constitutional or any other right to criminal investigation. Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007)("There is no statutory or common law right, much less a constitutional right, to an investigation."); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Tollefson is not entitled to this relief.

Judge Corwin because Tollefson's request is not related to the claims presented in his complaint and Judge Corwin is immune from suit. Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss (Doc. #7) be **GRANTED**, plaintiff's motion requesting a TRO (Doc. #29) against defendant be **DENIED**, plaintiff's motion for a hearing (Doc. #29) be **DENIED**, and the plaintiff's complaint (Doc. #1) be **DISMISSED** with prejudice.

## Background

Judge Corwin is a North Dakota State District Judge who presided over Tollefson's hearing in Case No. 09-2012-CV-01346, on April 29, 2013.[2] (Doc. #9). Tollefson contends Judge Corwin violated his constitutional rights of free speech and due process during the hearing and by entering an Order[3] finding Tollefson in contempt of court. (Doc. #1, Doc. #9). Judge Corwin has filed a motion to dismiss the complaint in this case based on judicial immunity. (Doc. #7, Doc. #9).

Tollefson has also filed a motion requesting a TRO against Judge Corwin because he "is a dangerous person." (Doc. #29). Judge Corwin filed a response requesting the motion be denied because Tollefson has failed to demonstrate Judge Corwin poses any threat of immediate and irreparable injury, loss, or damage to Tollefson. (Doc. #32).

## Law and Discussion

**1. Official Capacity: Eleventh Amendment**

A suit against a state employee in his official capacity is considered to be a suit against

---

[2] Judge Corwin held an order to show cause hearing on April 29, 2013, in which Tollefson was required "to show why he should not be held in contempt of court for violating a previous order of the court instructing him to stop making threats and bringing action against parties and non-third party individuals." (Doc. #9)

[3] Judge Corwin's Order found Tollefson to be in contempt of court and sanctioned Tollefson to pay Plaintiff's attorney fees in the amount of $750 within 14 days of the Order. (Doc. #9).

the state. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Quern v. Jordan, 440 U.S. 332, 337 (1979); Edelman v. Jordan, 415 U.S. 651, 663 (1974). States enjoy immunity from suit for damages in the federal courts under the Eleventh Amendment. Will, 491 U.S. at 66. It is well established that a state is immune from suit for damages under 42 U.S.C. § 1983. Id. (a state and its agencies are not "persons" within the meaning of section 1983); Monroe v. Arkansas State University, 495 F.3d 591, 594 (8th Cir. 2007). A state's immunity also extends to state agencies and institutions as well to state employees who are sued in their official capacities. Will, 491 U.S. at 71. The State of North Dakota has not waived its Eleventh Amendment immunity. See N.D. Cent. Code § 32-12.2-10.

In the instant case, Judge Corwin is a North Dakota State District Judge and therefore considered a state official. Judge Corwin was acting in his official capacity as District Judge when presiding over Tollefson's hearing and issuing the Order. Consequently, the Eleventh Amendment bars Tollefson from recovering money damages from Judge Corwin because he was a state employee working in his official capacity and therefore enjoys the state's sovereign immunity.

**2. Individual Capacity: Judicial Immunity**

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994); see also Callahan v. Rendlen, 806 F.2d 795, 796 (8th Cir. 1986) ("[J]udicial immunity protects a judicial officer from civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983."). As the Eighth Circuit has explained, "[t]his absolute immunity from suit allows judges to fulfill their duties without concern for their own fortunes, which helps to ensure that their duties will be performed impartially and completely." Duffy v. Wolle, 123 F.3d 1026, 1034 (8th Cir. 1997). Judicial

3

immunity is an immunity from suit, not just the ultimate assessment of damages. See Mireles v. Waco, 502 U.S. 9, 10 (1981). It cannot be overcome by allegations of bad faith or malice. Id.; see also Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously or corruptly"); Harlow v. Fitzgerald, 457 U.S. 800, 815-19, (1982) (Allegations of malice are insufficient to overcome qualified immunity).

Judicial immunity may be overcome in only two circumstances, neither of which are apparent in the case at bar. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." Mireles, 502 U.S. at 9-12 (adding that an action is judicial in nature if "it is a function normally performed by a judge."). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id.; see also Stump v. Sparkman, 435 U.S. 349, 356-57 (1998) ("A judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in 'clear absence of all jurisdiction.'").

Judge Corwin's actions as alleged by Tollefson were clearly judicial in nature; they involved functions normally performed by a judge, occurred in a courtroom, and addressed an issue pending before the court. Because Judge Corwin performed the actions at issue in his judicial capacity, his immunity from suit is absolute. Tollefson's efforts to sidestep the doctrine of judicial immunity by asserting claims against Judge Corwin in his individual capacity are unavailing.

**3. Temporary Restraining Order**

Tollefson requests the court to issue a TRO[4] against Judge Corwin for the duration of two

---

[4] Tollefson's motion requesting a TRO fails to specify what activities he wants Judge Corwin restrained from engaging in.

years because he is a "dangerous person." (Doc. #29). Judge Corwin construes Tollefson's TRO request as a preliminary injunction because the requested two year duration far exceeds the general fourteen day maximum permitted by a TRO.[5] (Doc. #32); Fed. R. Civ. P. 65(b)(2). Tollefson resists that characterization and insists he is seeking a TRO. (Doc. #37).

Indeed, where a requested TRO exceeds the fourteen day limit provided by Fed. R. Civ. P. 65(b), and has the practical effect of a preliminary injunction, the court will treat the motion as one for a preliminary injunction. See Branstad v. Glickman, 118 F.Supp2d 925, 927. (N.D. Iowa, 2000). Further, where a requested TRO is not issued *ex parte* but rather with notice, the court will convert the request into a motion for preliminary injunction. See Levas & Levas v. Village of Antioch, 684 F.2d 446, 448 (7th Cir. 1982); see also Jihad v. Fabian, 2010 WL 1780238; Akbar v. Borgen, 796 F.Supp.1181, 1185 (E.D. Wis. 1992). Because the two year duration of Tollefson's requested TRO has the practical effect of a motion for preliminary injunction and because Tollefson's request was not made *ex parte* but rather with notice, Tollefson's TRO request should be converted to a motion for preliminary injunction.

The standard for obtaining a preliminary injunction requires the court to consider the following factors: (1) the movant's probability of success on the merits, (2) the threat of irreparable harm to the movant absent the injunction, (3) the balance between the harm and the injury that the injunction's issuance would inflict on other interested parties, and (4) the public interest. Dataphase Sys., Inc. V. CL Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). Additionally, a party moving for a TRO or preliminary injunction must necessarily establish a relationship

---

[5] A temporary restraining order generally cannot exceed fourteen days unless the court, for good cause, extends the time period or the adverse party consents to a longer extension. Fed. R. Civ. P. 65(b)(2).

5

between the injury claimed in the party's motion and the conduct asserted in the complaint. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

Tollefson cannot demonstrate likelihood of success on the merits, since Judge Corwin is immune from suit. The court also finds Tollefson has failed to show any of the other three *Dataphase* factors weigh in his favor. Additionally Tollefson's preliminary injunction request is not sufficiently related to the § 1983 claims presented in his complaint and the complaint seeks only damages, not injunctive relief. Consequently, Tollefson fails to satisfy the requirements for a preliminary injunction.

**Conclusion**

Judge Corwin is entitled to immunity under the Eleventh Amendment and the doctrine of judicial immunity because he is a state employee and was engaged in his judicial capacity when he presided over Tollefson's hearing and filed the Order. Additionally, a TRO or preliminary injunction cannot be issued against Judge Corwin because Tollefson's request is not related to the claims presented in his complaint and Judge Corwin is immune from suit. Accordingly, it is **RECOMMENDED** that plaintiff's motion requesting a TRO (Doc. #29) against defendant be **DENIED**, plaintiff's motion for a hearing (Doc. #29) be **DENIED**, Defendant's motion to dismiss (Doc. #7) be **GRANTED**, and the plaintiff's complaint (Doc. #1) be **DISMISSED** with prejudice.

Dated this 22nd day of January, 2014.

 /s/ *Karen K. Klein*
 Karen K. Klein
 United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than February 7, 2014, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.